IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ISAAC KENNETH FULLMAN, : CIVIL NO. 3:CV-12-1876
          Plaintiff :
           : (Judge Munley)
      v. :
           :
CENTRE COUNTY :
CORRECTIONAL FACILITY, et al., :
          Defendants :

## MEMORANDUM

On September 20, 2012, Isaac Kenneth Fullman ("Fullman"), an inmate formerly incarcerated at the Centre County Correctional Facility ("CCCF"), filed this civil rights action. (Doc. 1.) He seeks to proceed in forma pauperis. (Docs. 2, 7). Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I. **Standards of Review**

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for the failure to state a claim provision is the same as the standard for a 12(b)(6) motion, which provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the

complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. See Iqbal, 556 U.S. at 678; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This then

2

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 556 U.S. at 678]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id. at 679] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234–35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' "Iqbal, [556 U.S. at 679]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210–211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

II. **Allegations of the Complaint**

It is first noted that there are a number of claims raised in this complaint that

Fullman is also currently litigating the matter of Fullman v. Centre County Correctional Facility, et al., in Middle District of Pennsylvania Civil Action 4:12-CV-2063, which is assigned to Chief Judge Yvette Kane and referred to Magistrate Judge Carlson. The overlapping claims include the following: 1. He allegedly served twelve days beyond his maximum release date for "Driving Under Suspended License DUI Related 1543B" (Doc. 1, at 18); 2. He was not given credit for one day of time served on a bench warrant at "The Philadelphia Police Department 18th District" (Doc. 1, at 18); 3. CCCF owes him wages that he earned in his "Trustee position" while in the Work Release Program (Doc. 1, at 17, 19); 4. A pair of black tube socks was allegedly taken while he was incarcerated at CCCF and not replaced (Doc. 1, at 16, 19); 5. Deprivation of hygiene products (Doc. 1, at 9); 6. An inadequate law library (Doc. 1, at 15); 7. Inadequate grievance procedure (Doc. 1, at 14-15). Procedurally, there has been a Report and Recommendation filed by Magistrate Judge Carlson which is presently awaiting objections that are not due until November 30, 2012. See Fullman v. Centre County Correctional Facility, et al., 4:12-CV-2063, Docs. 5, 7. Because these claims are being actively litigated and adequately addressed in another action, and are presently awaiting disposition, they will not be considered here.

We will address the two additional claims raised in this complaint that were not raised in Fullman v. Centre County Correctional Facility, et al., 4:12-CV-2063. First, he alleges that his constitutional rights were violated when he was found guilty of false misconducts while incarcerated at CCCF, which resulted in sanctions and a delayed parole release date. (Doc. 1, at 4-5, 8, 19.) Specifically, on May 24, 2012, Fullman

"received a major misconduct. [He] was charged with five charges [of possession of contraband] that the Centre County Correctional Facility has listed in their policies."[1] (Id. at 4.) He was found guilty of the charges and was sanctioned with thirty days disciplinary custody. (Id. at 8.) It is his position that these disciplinary charges caused a delayed parole release because he was required to be misconduct free for thirty days prior to being eligible for such release. (Id.)

He also alleges that he was discriminated against and not treated fair and impartial while incarcerated because he is an African American male. (Doc. 1, at 19.) He alleges that he was not liked and discriminated against because he was the only African American male on the work release C1 block unit. (Doc. 1, at 5.) He alleges that on B2 block unit, a correctional officer "placed a movie on called O Brother, Where Art Thou?" "because he wanted to see the Ku Klux Klan members in that movie, to hang an African American male with a noose. He played that movie to offend me and the rest of the African American male inmates." (Id. at 6.) He alleges that he found a note inside a locker stating "Don't steal," and he knows "this is racism because this is a stereotyping note indicating that I am an African American male and they African American males have to steal in order to get something." (Id. at 7.) He complains that he was generally

---

[1] On May 23, 2012, Fullman and eight other inmates were charged with theft/robbery and giving false information to a staff member. (Doc. 1, at 4.) These charges arose out of an investigation into two missing Ensure drinks from the kitchen where Fullman and the other eight inmates were employed. (Doc. 1, at 3-4.) The manner in which these charges were disposed of is not evident from the complaint.

5

treated rudely and alleges that the sanctions he received were harsher than white inmates. (Id. at 11-12.)

### III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Fullman alleges that his constitutional rights were violated when he was issued misconduct reports that resulted in a finding of guilt and sanctions and had an adverse impact on his parole release date. In Heck v. Humphrey, 512 U.S. 477(1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

6

actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486–87. This rationale was later extended to disciplinary proceedings. Edwards v. Balisok, 520 U.S. 641 (1997). As such, an inmate may not bring a civil rights action related to an inmate disciplinary proceeding without first challenging and overturning, *via* appropriate proceedings, the disciplinary hearing in question. Id. at 646–47. To summarize, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) (emphasis in original).

Fullman seeks relief with respect to his claims arising out of the disciplinary charges that were filed against him and resulted in findings of guilt and sanctions and a delayed release on parole. As any type of award in Fullman's favor would call into question the validity of the underlying disciplinary proceedings, he cannot state a claim unless he can demonstrate that the decisions finding him guilty of the misconduct charges were invalidated on administrative appeal or through the issuance of a writ of habeas corpus. Because it is apparent that neither of these scenarios has unfolded, any claim

7

stemming from the proceedings must be dismissed pursuant to Heck and Edwards. As Fullman fails to set forth a plausible claim for relief, affording him an opportunity to amend the complaint with regard to these claims would be futile.

He fares not better with respect to his assertion that the disciplinary charges had an adverse impact on his parole release date because he has no federal constitutional right to release on parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (holding "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Nor does he have any right based on Pennsylvania law to parole release. See Weaver v. Pennsylvania Bd. of Prob. & Parole, 688 A.2d 766, 770 (Pa.Commw. 1997) (finding that under Pennsylvania law, parole is a favor, and the prisoner has no protected liberty interest in being released before a legitimately imposed sentence has expired). See also Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996) (parole is not a constitutionally protected liberty interest under Pennsylvania law); Rauso v. Vaughn, 79 F. Supp.2d 550, 552 (E.D.Pa. 2000); Rogers v. Pa. Bd. of Prob. & Parole, 555 Pa. 285, 724 A.2d 319 (1999).

Fullman also alleges that as an African American male, he was discriminated against and not treated fair and impartial. (Doc. 1, at 19.) The Fourteenth Amendment's equal protection clause "prohibits states from intentionally discriminating between individuals on the basis of race." Antonelli v. New Jersey, 419 F.3d 267, 274 (3d Cir. 2005). To show an equal protection violation, " '[p]roof of racially discriminatory intent or purpose is required.' " City of Cuyahoga Falls v. Buckeye Cmty. Hope Found., 538

8

U.S. 188, 194 (2003) (quoting Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977)). To survive a motion to dismiss a discrimination claim, the plaintiff must include sufficient factual allegations in his complaint to "nudge[ ] his claims of invidious discrimination across the line from conceivable to plausible." Iqbal, 556 U.S. at 680 (internal quotation marks and citations omitted).

Fullman provides no supporting factual averments from which the Court could plausibly infer that the actions he cites were motivated by racial animus. The mere "naked assertion," Twombly, 550 U.S. at 555, 557, that a party has been targeted because of his or her race is not sufficient to state an equal protection violation. Iqbal, 556 U.S. at 682; see also Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 688 (D.C.Cir. 2009) (holding assertion that grand juror was removed because of race insufficient to state a claim where plaintiff's main supporting factual allegations were that he was "half Mexican" and that he was the only Spanish-speaking grand juror). Because he fails to set forth a plausible claim entitling him to relief, affording him an opportunity to amend the complaint with regard to these claims would be futile.

## IV. Conclusion

For the reasons set forth above, it is clear that allowing Fullman the opportunity to amend his complaint would be futile. Consequently, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate order follows.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: November __, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAAC KENNETH FULLMAN, | : | CIVIL NO. 3:CV-12-1876 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CENTRE COUNTY | : | |
| CORRECTIONAL FACILITY, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, to wit, this 8th day of November 2012, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Plaintiff's applications to proceed in forma pauperis (Docs. 2, 7) are construed as motions to proceed without full prepayment of fees and costs and are GRANTED.

2. The following claims are DISMISSED based on their inclusion in the matter of Fullman v. Centre County Correctional Facility, et al., in Middle District of Pennsylvania Civil Action No. 4:12-CV-2063: 1. Fullman allegedly served twelve days beyond his maximum release date for "Driving Under Suspended License DUI Related 1543B" (Doc. 1, at 18); 2. He was not given credit for one day of time served on a bench warrant at "The Philadelphia Police Department 18th District" (Doc. 1, at 18); 3. CCCF owes him wages that he earned in his "Trustee position" while in the Work Release Program (Doc. 1, at 17, 19); 4. A pair of black tube socks was allegedly taken while he was incarcerated at CCCF and not replaced (Doc. 1, at 16, 19); 5. Deprivation of hygiene products (Doc. 1, at 9); 6. An inadequate law library (Doc. 1, at 15); 7. Inadequate grievance procedure (Doc. 1, at 14-15).

3. The remaining claims, that his constitutional rights were violated when he was found guilty of false misconducts, which resulted in sanctions and a delayed parole release date, and his claims that he was discriminated against on the basis of race, are DISMISSED pursuant to 28 U.S.C.

§1915(e)(2)(B)(ii).

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court